J-S03030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WILLIE LEE WILLIAMS, JR. | : | |
| | : | |
| Appellant | : | No. 706 EDA 2017 |

Appeal from the Judgment of Sentence February 2, 2017
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0007007-2015

BEFORE:   BENDER, P.J.E., PANELLA, J., and STEVENS*, P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED JULY 16, 2018**

Willie Williams appeals from the judgment of sentence entered after the trial court found him guilty of, among other crimes, driving under the influence ("DUI") and terroristic threats. Williams raises a single challenge on appeal: a challenge to the sufficiency of the evidence supporting his conviction for terroristic threats. We conclude the evidence at trial was sufficient to establish he uttered a pre-meditated threat, and therefore affirm.

Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged

_____

* Former Justice specially assigned to the Superior Court.

is established beyond a reasonable doubt. *See Commonwealth v. Dale*, 836 A.2d 150, 152 (Pa. Super. 2003).

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Commonwealth v. Bruce*, 916 A.2d 657, 661 (Pa. Super. 2007) (citation omitted). Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. *See id*. "As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." *Commonwealth v. Kinney*, 863 A.2d 581, 584 (Pa. Super. 2004) (citation omitted). Therefore, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Bruce*, 916 A.2d at 661 (citation omitted).

Evidence is weak and inconclusive "[w]hen two equally reasonable and mutually inconsistent inferences can be drawn from the same set of circumstances…." *Commonwealth v. Woong Knee New*, 47 A.2d 450, 468 (Pa. 1946). However, "[t]he Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009) (citations omitted).

Williams challenges his conviction for terroristic threats. "A person commits the crime of terroristic threats if the person communicates, either directly or indirectly a threat to … commit any crime of violence with intent to

terrorize another." 18 Pa.C.S.A. § 2706(a)(1). "In order to prove a violation of this provision, the evidence must show: (1) that a threat to commit a crime of violence was made; and (2) that the threat was communicated with the intent to terrorize." ***Commonwealth v. Hudgens***, 582 A.2d 1352, 1357 (Pa. Super. 1990) (citation omitted). Intentionally inflicting serious bodily injury, known as aggravated assault, is a crime of violence. ***See id***., at 1358 n.11.

Here, the Commonwealth presented evidence that, after being arrested for DUI, Williams was placed in a police cruiser to be taken to a local hospital for testing. Once in the cruiser, Williams became agitated. ***See*** N.T., Bench Trial, 10/20/16, at 33. He began yelling and cursing at the officers in the cruiser. ***See id***. At this point, his speech became "more measured," and "more well thought out and put together" than it had been previously. ***Id***., at 34.

During this incident, Williams threatened to "barbecue" the officers. ***Id***., at 34. An officer asked him to stop and "gave [Williams] the opportunity to rein himself back in and calm … down." ***Id***., at 35. Williams responded by asserting the officers would not be "safe anywhere." ***Id***., at 34. Williams proceeded to threaten the officers' wives and family members. ***See id***.

Williams's profanity laced tirade continued as he was brought into the hospital. ***See id***., at 36. Williams's conduct drew the attention of hospital security, who checked with the police officers to see if they needed help in dealing with Williams. ***See id***., at 36-37.

Williams argues this evidence, when taken in context with his otherwise cooperative conduct that night, does not establish he intended to place the officers in fear. He highlights the uncontested facts that he was cooperative during the DUI stop and subsequent investigation, as well at the hospital after a doctor interviewed him. He believes, under these circumstances, it is equally likely his threatening conduct in the car was merely a stream of consciousness statement uttered by an admittedly inebriated person.

Williams cites to **Commonwealth v. Kidd**, 442 A.2d 826 (Pa. Super 1982), for the proposition that such a statement by an inebriated person does not amount to a terroristic threat. However, in **Kidd**, there was no evidence the inebriated defendant's state of mind changed. Here, the officer testified Williams's diction became more measured when he began uttering his threats. This evidence permitted the trial court, as finder of fact, to infer Williams was not just acting in the heat of the moment. Based on this evidence, it was reasonable for the court to conclude Williams was in control of his faculties and was not just acting out of a transient anger. We therefore conclude the evidence was sufficient to sustain the conviction for terroristic threats.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/16/18